CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

OCT 18 2006

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **ANDRE SCALES,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 7:06cv00556** |
| | ) | |
| **v.** | ) | **MEMORANDUM OPINION** |
| | ) | |
| **NRV REGIONAL JAIL, et al.,** | ) | **By: Samuel G. Wilson** |
| **Defendants.** | ) | **United States District Judge** |

Plaintiff, Andre Scales, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. Scales alleges that while in custody at the New River Valley Regional Jail ("NRVRJ"), defendant Officer McNeely used excessive force against him and defendants Nurse Tim and Officer Johnson failed to provide him with adequate medical care. Scales also names the NRVRJ as a defendant in his action. He seeks damages in the amount of $25,000 against each defendant as well as injunctive relief in the form of medical treatment. Scales is no longer incarcerated at NRVRJ, but instead is housed at Bland Correctional Center. The court finds Scales' claims against the NRVRJ are dismissed because the jail is an improper defendant. Further, the court finds that plaintiff's claim for injunctive relief is moot because he is no longer housed at the NRVRJ.[1]

### I.

Scales alleges that defendant Officer McNeely "slammed" him up against a door when Scales disobeyed his order, causing Scales to bang his head. This resulted in him passing out and experiencing dizziness, lightheadedness, and a constant headache. Scales claims he has been refused medical treatment for this head injury. In addition, he alleges that although he has received medical approval for a non-meat diet, he is still served meat. He alleges that when he informed the guards

---

[1] Scales' claims for monetary damages against the remaining defendants will be served by separate order.

that he cannot eat meat, they told him to "eat it, or do without," so he ate it. As a result of eating the meat, he threw up blood and food. Scales alleges that although he informed defendants Nurse Tim and Officer Johnson that the meat caused him to throw up, they responded that they "don't have time" to deal with it. Scales claims that he made three emergency requests to see medical staff but was not seen by anyone.

## II.

To state a cause of action under § 1983, a plaintiff must allege facts indicating that plaintiff has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). As the NRVRJ is not a "person" subject to suit under 42 U.S.C. § 1983, Scales cannot maintain his action against the defendant jail. See McCoy v. Chesapeake Correctional Center, 788 F. Supp. 890 (E.D. Va. 1992).

## III.

Generally, claims for injunctive relief become moot when the conditions adversely affecting the plaintiff no longer exist. See Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991); see also Magee v. Waters, 810 F.2d 451, 452 (4th Cir. 1987) (holding that the transfer of a prisoner rendered the prisoner's claim for injunctive relief moot). Here, Scales is seeking injunctive relief in the form of medical treatment. However, Scales has been transferred from the NRVRJ to Bland Correctional Center. Therefore, the defendants in the current action cannot be ordered to give Scales and thus his request for injunctive relief is moot and the court denies it.

## IV.

For the stated reasons, the court dismisses Scales' claims against the NRVRJ and denies

2

his claim for injunctive relief against all defendants, leaving only Scales's claims for monetary damages against the remaining defendants.

**ENTER**: This _16th_ day of October, 2006.

_____
United States District Judge