CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 1 4 2007

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANDRE SCALES,<br>    Plaintiff, | )<br>)  Civil Action No. 7:06cv00556<br>) |
| v. | )<br>)<br>) |
| BRISTOL VIRGINIA CITY JAIL, et al.,<br>    Defendants. | )  By: Hon. Michael F. Urbanski<br>)  United States Magistrate Judge |

## REPORT AND RECOMMENDATION

Plaintiff Andre Scales ("Scales"), an inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Scales alleges that while incarcerated at New River Valley Regional Jail ("Jail"), he was subjected to an excessive use of force and that defendants failed to provide him with adequate medical treatment.[1] By Order entered November 15, 2006, all dispositive matters in this action were referred to the undersigned to submit proposed findings of fact and a recommended disposition.

This matter is before the court on defendants' motion for summary judgment and defendants' motion to dismiss. The court notified Scales of defendants' motions as required by Roseboro v. Garrison, 528. F.3d 309 (4th Cir. 1975), and advised him that his failure to reply to defendants' motions may result in dismissal and/or summary judgment being granted for defendants. Although Scales has failed to file a response to the defendants' motions, the time allotted for filing a timely response has expired. Thus, this matter is ripe for disposition.

Upon review of the record, the undersigned finds that Scales has not presented any issue of material fact and that the defendants are entitled to judgment as a matter of law. Therefore,

---

[1] By Memorandum Opinion and Order entered October 18, 2006, Scales' claims against the Jail and Scales' claims for injunctive relief were dismissed.

the undersigned recommends that defendants' motion for summary judgment be granted, their motion to be dismiss be denied as moot, and Scales' complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.

Scales alleges that on June 6, 2006, during dinner in the cafeteria, defendant Officer McNeely told Scales to get out of the cafeteria line and that he was not allowed to get anything to drink. When Scales attempted to get in line to get a drink, Officer McNeely grabbed him, lifted him off the floor, and "slammed" him up against a door, causing Scales to bang his head. Scales does not allege he suffered any injury.

Scales also contends that he was repeatedly denied medical attention despite his complaints that he was suffering from constant headaches, dizziness, and an upset stomach. Scales asserts that his gastrointestinal discomfort was caused by eating meat, and although he repeatedly informed medical staff that he could not eat meat, he was served meat. Further, Scales alleges that when he advised the correctional officers that he could not eat meat, they told him to "eat it, or do without." Lacking a viable alternative, Scales ate the meat and subsequently began vomiting food and a small amount of blood. Thereafter, Scales informed defendants Nurse Thompson and Officer Johnson that he had vomited and needed medical treatment, but they responded that they "don't have time" to deal with him, and his subsequent requests for emergency medical treatment were ignored. Scales has not detailed when this alleged incident occurred and/or if this has occurred on more than one instance, though he does state that on two occasions he told Nurse Thompson he was vomiting blood.

2

## II.

In support of their motion for summary judgment, defendants attached affidavits addressing Scales' claims as well as Scales' institutional medical record.

Officer McNeely's affidavit establishes that on June 6, 2006, Officer McNeely was forced to restrain Scales after Scales refused to follow his instruction to leave the lunch line. Despite being restrained, Scales continued to violently resist Office McNeely. In the ensuing confrontation, Scales received a minor injury to his lip. Sometime after the incident Scales was take to the medical unit. Medical staff noted that Scales had a "superficial laceration" to his mouth which produced a small amount of bleeding, but they determined no medical treatment was necessary and merely gave Scales a few sips of water to rinse his mouth. Scales did not complain to medical staff that he suffered any other injury nor did he seek further treatment for the lip injury.

Nurse Thompson's affidavit establishes he is employed part-time by the Jail, and he works no more than two or three days per month. Nurse Thompson states that he treated Scales on only one occasion, on that occasion Scales asked to see someone in the mental health unit, and that after meeting and examining Scales he referred Scales for mental health care. Nurse Thompson also states that subsequent to that exam he had no further contact with Scales and that he personally did not receive any complaints from Scales related to his alleged digestive upset. Scales' medical records confirm these statements. On June 16, 2006, Scales filed a request for treatment for depression. Scales was examined in the medical unit by Nurse Thompson on June 18, 2006 for this complaint, and Nurse Thompson referred Scales to the mental health unit. The

3

record also reveals that Scales refused a subsequent sick call exam by Nurse Thompson on June 26, 2006.

Officer Johnson's affidavit establishes that although assigned to a different post on August 2, 2006, that day he was ordered to the unit where Scales was incarcerated in order to transfer another inmate to the medical unit for priority treatment. While in that unit, Scales asked to be transported to the medical unit as well, but Scales did not detail why he needed immediate medical treatment. Officer Johnson states that he told Scales that he was unable to transfer him at that time due to another inmate's urgent need for medical care, and he referred Scales to the unit duty officer.

Scales' medical record establishes that between April 7, 2006 and August 18, 2006, Scales made seventeen requests for medical care alleging he was suffering from dizziness, headaches, depression, and an upset stomach. Scales was examined by medical staff on sixteen separate occasions, and, at most, an over-the-counter pain reliever was prescribed for his headaches and, on one occasion, an anti-diarrheal was provided. On at least seven additional occasions Scales refused any medical treatment and/or refused to be housed in the medical unit for further medical monitoring. Furthermore, despite his complaints of constant gastrointestinal upset, Scales' medical records establish that he gained at least four pounds between his intake in March 2006 and his transfer in September 2006.

Additionally, Scales' medical records establish that Scales was approved for a non-meat diet on or about June 14, 2006. However, on June 20, 2006, Scales asked to be changed back to a regular diet, and his request was granted. Then, on or about July 19, 2006, Scales asked to be placed on non-chicken meals, and this too was granted. Twelve days later, on July 31, 2006,

4

Case 7:06-cv-00556-SGW-mfu   Document 34   Filed 03/14/07   Page 4 of 13   Pageid#: 176

Scales again requested a non-meat diet, which once again was granted. Scales revised his meal request at least two more times before his final request to be put back on the regular diet was approved on or about August 18, 2006. All of Scales' requests for special diets were approved by the medical staff, and upon each change, the kitchen staff were notified of the dietary change.

## III.

Upon motion for summary judgment, the court must view the facts and the inferences to be drawn from those facts in the light most favorable to the party opposing the motion. Ross v. Communications Satellite Corp., 759 F.2d 355 (4th Cir. 1985). However, the court need not treat the complaint's legal conclusions as true. See, e.g., Custer v. Sweeney, 89 F.3d 1156, 1163 (4th Cir. 1996) (court need not accept plaintiff's "unwarranted deductions," "footless conclusions of law," or "sweeping legal conclusions cast in the form of factual allegations") (internal quotations and citations omitted); Estate Constr. Co. v. Miller & Smith Holding Co., 14 F.3d 213, 217-18 (4th Cir. 1994). Summary judgment is proper where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

Ordinarily, a prisoner proceeding pro se in an action filed under § 1983 may rely on the detailed factual allegations in his verified pleadings in order to withstand a motion for summary judgment. Davis v. Zahradnick, 600 F.2d 458, 460 (4th Cir. 1979). Thus, a pro se plaintiff need not file an opposing affidavit or response to withstand summary judgment. Id. In this instance,

as Scales has failed to file any response to the defendants' motion for summary judgment, the court finds that Scales relies solely on the factual allegations made in his verified complaint.

### A. Excessive Force

To establish an Eighth Amendment excessive force claim against a prison official, an inmate must satisfy a two-prong standard comprised of both a subjective inquiry (whether the defendant acted with a sufficiently culpable state of mind) and an objective inquiry (whether the harm plaintiff suffered was sufficiently serious enough to amount to a constitutional violation). Williams v. Benjamin, 77 F.3d 756, 761 (1996).

The subjective component of an excessive force claim requires an inmate to demonstrate that the force used by an institutional official "inflicted unnecessary and wanton pain and suffering." Hudson v. McMillian, 503 U.S. 1, 7 (1992). In evaluating such a claim, "the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" Id. (quoting Whitley v. Albers, 475 U.S. 312, 32-21 (1986)). In determining whether a prison official acted maliciously and sadistically the court should consider, (1) the need for application of force; (2) the relationship between that need and the amount of force used; (3) the threat reasonably perceived by the responsible officials; and (4) any efforts made to temper the severity of a forceful response. Hudson, 503 U.S. at 7 (1992); Williams, 77 F.3d at 762.

Also, the inmate must prove the corrections official's actions were "'objectively harmful enough' to offend 'contemporary standards of decency.'" Stanley v. Hejirika, 134 F.2d 629, 634

6

(4th Cir. 1998) (quoting Hudson, 503 U.S. at 8). Although there is no requirement that an inmate suffer "serious" or "significant" pain or injury to demonstrate that a malicious or sadistic use of force was employed, he must allege "more than a de minimis pain or injury." Norman v. Taylor, 25 F.3d 1259, 1263 n. 4 (4th Cir. 1994). "[A]bsent the most extraordinary circumstances, a plaintiff cannot prevail on an Eighth Amendment excessive force claim if his injury is de minimis." Taylor v. McDuffie, 155 F.3d 479, 483 (4th Cir. 1998). However, a de minimis physical injury may amount to an Eighth Amendment violation if the force used was of the sort "repugnant to the conscience of mankind." In Norman v. Taylor, the Fourth Circuit stated:

> We recognize that there may be highly unusual circumstances in which a particular application of force will cause relatively little, or perhaps no, enduring injury, but nonetheless will result in an impermissible infliction of pain. In these circumstances, we believe that either the force used will be "of a sort 'repugnant to the conscience of mankind,'" and thus expressly outside the de minimis force exception, or the pain itself will be such that it can properly be said to constitute more than de minimis injury.

25 F.3d at 1263, n. 4 (citations omitted).

Scales complains that on June 6, 2006, Officer McNeely grabbed him, lifted him off the floor, and banged his head into a door. Scales does not allege he suffered any injury and his medical record confirms that following the incident he was examined by medical staff who determined he had only a small cut in his mouth which did not require medical attention. The absence of any medical documentation indicating Scales was in pain or had been injured during the confrontation weighs heavily against a finding of excessive force. See Stanley v. Hejirika, 134 F.3d at 637-38 (finding a constitutionally insignificant injury where medical records did not substantiate prisoner's claims). Further, "temporary swelling and irritation is precisely the type of injury this Court considers de minimis." Taylor, 155 F.3d at 484. Accordingly, the

7

undersigned concludes that any injury Scales alleges to have suffered following the June 6, 2006 confrontation is de minimis and does not amount to a constitutional violation.

Additionally, Scales has failed to allege any facts which establish those extraordinary circumstances on which a plaintiff can prevail on an excessive force claim when he suffers only de minimis injury. Taylor, 155 F.3d at 483. "[N]ot . . . every malevolent touch by a prison guard gives rise to a federal cause of action." Riley v. Dorton, 115 F.3d 1159, 1167 (4th Cir. 1997). Merely a lack of due care for a prisoner's interests and/or safety fails to show the use of force which is "repugnant to the conscience of mankind." See Whitley v. Albers, 475 U.S. 312, 319 (1986) (finding that the infliction of pain in the course of a prison security measure does not amount to cruel and unusual punishment simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable and, hence, unnecessary in the strict sense). Although Scales complains that Officer McNeely unnecessarily used force against him, he does not contest Officer McNeely's assertion that the physical confrontation was necessary because Scales refused to obey an order and then violently resisted the officer's attempts to restrain him. It is clear to the undersigned that Officer McNeely did not act maliciously and sadistically for the very purpose of causing harm, rather he was trying to regain control of a disruptive and violent inmate. Accordingly, the undersigned recommends that the court find that Scales was not subjected to an excessive use of force and that defendants are entitled to judgment as a matter of law on this claim.

### B. Denial of Adequate Medical Treatment

In order to state a constitutionally significant deprivation of medical care, a plaintiff must allege facts sufficient to demonstrate defendants knew of and deliberately disregarded a serious

8

medical need. Estelle v. Gamble, 429 U.S. 97, 104 (1976); Farmer v. Brennan, 511 U.S. 825, 828 (1994); Rish v. Johnson, 131 F.2d 1092, 1096 (4th Cir. 1997). A medical need serious enough to give rise to a constitutional claim involves a condition that places the inmate at substantial risk of serious harm, usually loss of life or permanent disability, and/or a condition for which lack of treatment perpetuates severe pain. See generally Farmer, 511 U.S. at 832-35; Sosebee v. Murphy, 797 F.2d 179, 182-83 (4th Cir. 1986); Loe v. Armistead, 582 F.2d 1291, 1296-97 (4th Cir.1978). Allegations of malpractice or negligence and claims regarding a disagreement between an inmate and medical personnel over diagnosis or course of treatment do not state cognizable constitutional claims. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Moreover, claims of medical judgment are not subject to judicial review. Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975).

Applying these principles to Scales' allegations, the undersigned finds that he has failed to state a claim under the Eighth Amendment. Scales contends that his requests for medical care for digestive upset were ignored, and as a result, he became ill and vomited a small amount of blood. However, allegations of digestive upset, nausea, diarrhea, and vomiting are not sufficiently serious medical needs to rise to the level of an Eighth Amendment violation. See Webb v. McKnight, 2006 WL 3761382, at *2 (W.D. Va. Dec. 20, 2006) (finding that plaintiff's complaints of indigestion, constipation, headaches, vomiting, and emotional distress did not constitute a serious medical need); Ross v. McGinnis, 2004 WL 1125177, at *10 (W.D. N.Y. March 29, 2004) (holding that inmate's complaints of abdominal pain, vomiting, heartburn, constipation, body odor, and extreme body heat did not constitute a serious medical need). Moreover, the fact that Scales actually gained weight during his brief incarceration at the Jail,

9

despite these complaints, compels the undersigned to conclude his allegations of repeated nausea and vomiting are incredible.

Furthermore, even assuming Scales suffered a serious medical need, he has not demonstrated defendants were deliberately indifferent. Scales' medical record establishes that he was examined and treated by medical staff numerous times during his incarceration following his complaints of dizziness, headaches, and digestive upset. He was provided medication as needed in response to his complaints, and he frequently refused further treatment or evaluation. Additionally, those records reveal that medical staff made significant effort to appease Scales' requests for a variety of dietary changes to combat his digestive discomfort, which he attributed to various food substances. Scales does not acknowledge these efforts nor does he make any suggestion as to what further treatment defendants should have provided. Accordingly, the undersigned finds that although Scales may be dissatisfied with the treatment he received, this amounts to nothing more than a disagreement between medical staff and inmate as to a proper course of treatment, and does not amount to a constitutional injury.

To the extent Scales argues that Officer Jones should have immediately transferred him to the medical unit when he complained of illness, the undersigned finds this too fails to state a claim of constitutional significance. As noted above, an instance of nausea or vomiting does not present a serious medical need. Further, Scales does not contest that at the time he requested a transfer to the medical unit, Officer Jones was already in the process of transporting a critically ill prisoner to the medical unit. Nor does he contest that Officer Jones advised Scales to contact the unit duty officer to secure immediate medical attention. Accordingly, the undersigned concludes that Officer Jones was not deliberately indifferent to Scales' medical need nor did he interfere

10

with Scales attempts to get medical treatment, rather Officer Jones was caring for another inmate and simply could not abandon that inmate to take care of Scales' non-emergency medical need. See Miltier v. Beorn, 896 F.2d 848 (4th Cir.1990) (stating to bring a claim of denial of adequate medical treatment against non-medical prison personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with a prison doctor's treatment, or tacitly authorized or were indifferent to the prison physician's misconduct).

Based on the foregoing, the undersigned concludes that Scales has failed to present an issue of material fact related to his claim that he was denied adequate medical care. Further, finding that defendants are entitled to judgment as a matter of law on this claim, the undersigned recommends that their motion for summary judgment on this issue be granted.

### C. Living Conditions

Inasmuch as Scales' claim that he was served meat trays despite his requests otherwise can be construed as a living conditions claim, it must fail. While the Eighth Amendment does protect prisoners from cruel and unusual living conditions, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement, for, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). As a result, in order to state a claim of constitutional significance regarding prison conditions, a plaintiff must demonstrate not only that the living conditions violated contemporary standards of decency, but also that prison officials acted with deliberate indifference to such conditions. Wilson v. Seiter, 501 U.S. 294 (1991). Moreover, a plaintiff must allege facts sufficient to show either that he has sustained a serious or significant

11

mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993).

Although Scales alleges that he was served meat despite a medical need and approval for a non-meat diet, he does not dispute that he requested dietary changes at least five times, from regular to non-meat to regular to non-chicken to non-meat and finally back to regular, in just three months. Scales does not provide the dates on which he was allegedly served meat, so the undersigned cannot know what his approved dietary plan was for that day. In addition, Scales does not allege that any of the named defendants were in any way involved in his receipt of meals containing meat. Moreover, Scales has not provided any suggestion that in being served meat and/or ingesting meat he suffered any serious harm or is at risk for future harm. Accordingly, the undersigned finds that at most, Scales has alleged negligence or inadvertence by the person who prepared his meals, which fails to state a claim of constitutional magnitude. Thus, the undersigned recommends this claim be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## IV.

For the reasons stated above, the undersigned finds that Scales has failed to present any issue of material fact and that the defendants are entitled to judgment as a matter of law. Accordingly, it is recommended that the defendants' motion for summary judgment be granted, their motion to dismiss be denied as moot, and that Scales' complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Clerk is directed to immediately transmit the record in this case to the Honorable Samuel G. Wilson, United States District Judge. Both sides are reminded that pursuant to Rule

72(b), they are entitled to note objections, if they have any, to this Report and Recommendation within ten (10) days hereof. Any adjudication of fact or conclusions of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by the reviewing court as a waiver of such objection.

Further, the Clerk is directed to send a certified copy of this Report and Recommendation to Scales and all counsel of record.

Enter this 13th day of March, 2007.

Michael F. Urbanski
United States Magistrate Judge

13